# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4332

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DEWAYNE CLARK,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:18-cr-00017-MR-WCM-1)

Submitted: February 1, 2022                    Decided: February 24, 2022

Before DIAZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dewayne Clark appeals his conviction and 188-month sentence imposed after he pled guilty, pursuant to a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but questioning whether Clark's sentence was properly enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). Clark filed pro se supplemental briefs in which he challenges his ACCA designation, asserts that his ACCA enhancement violates double jeopardy, claims that his conviction is a violation of his right to bear arms under the Constitution, and suggests that his conviction has been invalidated by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Government has declined to file a response brief. Finding no error, we affirm.

Because Clark did not challenge his conviction in the district court, we review his *Rehaif* argument for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). To establish plain error, Clark must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *See Olano*, 507 U.S. at 732; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (holding that, in the guilty plea context, an error affects substantial rights if there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea"). Even if Clark makes this three-part showing, however, correction of the error remains within our discretion, which "should not [be] exercise[d] . . . unless the error seriously affects the

fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (brackets and internal quotation marks omitted).

We reject Clark's suggestion that his conviction is no longer lawful under *Rehaif*. In *Rehaif*, the Supreme Court held that, to obtain a felon in possession conviction, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. The record reflects that Clark knew he was a felon at the time of the offense and that he was previously convicted of numerous felonies. Under the circumstances, *Rehaif* affords him no relief. *See Greer v. United States*, 141 S. Ct. 2090, 2097 (2021) (holding that a "defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon" because "[i]f a person is a felon, he ordinarily knows he is a felon"). Moreover, a review of Clark's plea hearing establishes that the district court complied with the requirements of Fed. R. Crim. P. 11 and that Clark's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore affirm Clark's conviction.

Next, we review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error." *See United States v. Evans*, 526 F.3d 155, 162 (4th Cir. 2008) (internal quotation marks omitted). Procedural errors include

"failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

In reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Upon review, we conclude that Clark's sentence is procedurally and substantively reasonable. The district court correctly calculated Clark's Guidelines range, including his armed career criminal enhancement. The court adopted the Guidelines range of 188 to 235 months set forth in Clark's presentence report, listened to the parties' arguments, and afforded Clark an opportunity to allocute. After declining to vary downward to the mandatory minimum and explaining its reasoning, the court imposed a sentence at the bottom of the applicable Guidelines range. We therefore affirm Clark's sentence.

In accordance with *Anders*, we have reviewed the entire record and found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have considered the remaining challenges raised by Clark in his pro se briefs and find them to be meritless.